FILED
U.S. DIST. COURT
BRUNSWICK DIV.

05 AUG -8 A 11: [ ]

L. LaVictoire

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KEVIN C. HARMON,

    Plaintiff,

vs.

INNOMED TECHNOLOGIES, INC.;
THOMAS J. WOOD, and NASAL AIRE
TECHNOLOGIES, INC.,

    Defendants.

CIVIL ACTION NO. CV505-006

## ORDER

Plaintiff Kevin Harmon ("Plaintiff") has filed a Motion to Compel Production of Documents from InnoMed Technologies, Inc. Defendant InnoMed Technologies, Inc., ("InnoMed") filed a Response, and Plaintiff has filed a Reply.

In his Motion, Plaintiff asserts that he has served Document Requests on InnoMed seeking documents that are directly relevant to his claims in this case, specifically to the measure of his damages. Plaintiff contends that InnoMed responded to these requests with numerous baseless objections, mischaracterized Plaintiff's claims, and then used those mischaracterizations as a basis to refuse to produce the requested documents. Plaintiff alleges that the requested documents are clearly relevant and needed immediately in light of the Scheduling Order in place. Plaintiff seeks the production of three general categories of documents: 1) sales, profits, and costs related documents, such as profit and

loss statements, balance sheets, and sales and costs reports and summaries; 2) valuation-related documents, such as documents related to valuations of InnoMed, public offerings, and offers for sale of InnoMed; and 3) accounting and auditing documents, such as financial-related documents supplied to and received from InnoMed's outside accountants and auditors. (Doc. No. 85, pp. 2-3.)

InnoMed asserts that it has "undertaken to produce the non-privileged documents responsive" to Plaintiff's Second Request for Production of Documents. (Doc. No. 115, p. 3.) InnoMed also asserts that there is currently no issue ripe for the Court to rule on at this time.

However, in his Reply, Plaintiff contends that, despite InnoMed's assurances to the contrary, it continues to refuse production of the documents responsive to Plaintiff's Second and Third Sets of Document Requests. Plaintiff avers that nearly three-quarters of the over 14,000 pages of documents InnoMed has produced consists of "bulk filler" documents which are non-responsive to Plaintiff's requests.

A review of the documents Plaintiff has submitted in support of his Motion indicates that InnoMed has agreed to produce many of the requested documents. This review also indicates that InnoMed has agreed to produce other documents upon the resolution of its Motion for Leave to Amend. Finally, InnoMed has interposed objections to certain requests for documents based on certain privileges.

Plaintiff's Motion to Compel Production of Documents from InnoMed Technologies, Inc., (Doc. No. 85) is hereby **GRANTED**. InnoMed is directed to provide further response to Plaintiff's Second and Third Requests for Production of Documents within twenty (20) days of this Order. Counsel for InnoMed is advised that, by Order of even date, its Motion

2

for Leave to Amend has been granted. To the extent InnoMed continues to object to the production of certain documents based upon "privilege", InnoMed is further directed to produce a privilege log identifying all privileged documents and the basis for claiming that those documents are privileged.

**SO ORDERED**, this ___8th___ day of August, 2005.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

J. Blitch
J. Brown
N. Conner
S. Culpepper
P. Flinn
K. Futch
J. Hudson
M. Jorgenson
F. Kang
A. Lakin
S. Milbrath
J. Olson
J. Ossick
W. Pearson
A. Slutkin
P. Stein
J. Stephenson
R. Thornburg

CASE NO: CV505-6
DATE SERVED: 8/8/05
SERVED BY: slt

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate