IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KEVIN C. HARMON,

    Plaintiff,

vs.

INNOMED TECHNOLOGIES, INC.;
THOMAS J. WOOD, and NASAL AIRE
TECHNOLOGIES, INC.,

    Defendants.

CIVIL ACTION NO. CV505-006

## ORDER

Defendant InnoMed Technologies, Inc., ("InnoMed") has filed a Motion for Leave to File an Amended Answer and Counterclaim and to Add Additional Counterclaim Parties. Plaintiff filed a pleading in opposition to InnoMed's Motion, and InnoMed has filed a Reply.

In its Motion, InnoMed seeks to amend its Answer and to file a counterclaim. Through its proposed counterclaim, InnoMed seeks to add as party defendants: Viasys Healthcare, Inc.; its wholly owned subsidiary, Sensor Medics Corporation; the Chief Executive Officer of Viasys Healthcare, Randy H. Thurman; and Edward Pulwer, the Sensor Medics official "who signed various agreements at issue in this case." (Doc. No. 46, pp. 1-2.) InnoMed asserts that its amended counterclaim will also "elaborate on the existing Counterclaim for Declaratory Judgment, and add

additional claims for declaratory relief and claims sounding in fraud, slander-of-title, conspiracy to commit fraud, and champerty." (Doc. No. 46, p. 2.) InnoMed also asserts that its desire to amend its current counterclaim is based on evidence which came to light during the deposition of Plaintiff, Kevin Harmon.

Plaintiff Kevin Harmon ("Plaintiff") contends that InnoMed seeks to "unduly complicate this litigation by asserting counterclaims that have little or nothing in common with the underlying claim brought by [him], and adding several new parties, each of whom is not directly involved in the original claim." (Doc. No. 55, p. 1.) Plaintiff alleges that the addition of InnoMed's proposed new claims will unduly delay and cause substantial prejudice to his ability to prepare for this case. Plaintiff also alleges that InnoMed's Motion should be denied because the addition of four (4) parties and numerous claims would be improper, as these parties and claims are completely unrelated to the underlying facts at issue. Plaintiff avers that InnoMed's proposed claims are not compulsory under FED. R. CIV. P. 13(a), and the denial of InnoMed's Motion to Amend would not prejudice InnoMed. Plaintiff asserts that the addition of some of the new parties and claims will present jurisdictional issues and that many of the new claims do not present a case or controversy.

InnoMed asserts in its Reply that Plaintiff "misrepresents the facts underlying this action, misapprehends the relevance of the claims and parties that [it] seeks to add in this action, and misstates key issues of law and fact." (Doc. No. 68, p. 1.)

AO 72A
(Rev. 8/82)

Upon review of InnoMed's Motion and Reply and Plaintiff's Opposition to InnoMed's Motion, InnoMed's Motion to Amend (Doc. No. 46) is **GRANTED**. InnoMed shall have a period of twenty (20) days from the date of this Order to file its desired amended answer and counterclaim and add additional counterclaim parties.

SO ORDERED, this 8th day of August, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

J. Blitch
J. Brown
N. Conner
S. Culpepper
P. Flinn
K. Futch
J. Hudson
M. Jorgenson
F. Kang
A. Lakin
S. Milbrath
J. Olson
J. Ossick
W. Pearson
A. Slutkin
P. Stein
J. Stephenson
R. Thornburg

CASE NO:        CV505-6
DATE SERVED:    8/9/05
SERVED BY:      slt

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate